IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
STATE OF MISSOURI

RECEIVED AND FILED
CIRCUIT CLERK

| | |
|---|---|
| JOSHUA AND TIFFANY MUNROE, | 10 AUG 30 P3:57  10082438 |
| Plaintiff, | |
| vs. | Case No.: 10SL-CC03518 |
| CONTINENTAL WESTERN GROUP, A Foreign Limited Liability Company, | Division No.: |
| **SERVE:** Registered Agent CT Corporation System 120 South Central Ave. Clayton, Missouri 63105 | |
| and | |
| ROLLET BROS. TRUCKING COMPANY, INC., a Missouri Corporation, | |
| **SERVE:** Registered Agent Michael P. Rollet 227 Hwy. M, P.O. Box 31 Perryville, MO 63775, | |
| Defendant. | |

## PETITION

**COME NOW** Plaintiffs Joshua and Tiffany Munroe, by and through their undersigned counsel of record, and as their cause of action against Defendant Continental Western Group (hereinafter "Continental Western"), state as follows:

**Allegations Common to all Counts**

1. Plaintiffs, lawful husband and wife, are residents of the State of Missouri.

2. Defendant Continental Western is foreign limited liability company license to manage underwriting and claims for the property and casualty insurance industry in State of Missouri, with the office of its Registered Agent located in St. Louis County, Missouri.

(Petition)

3. Defendant Rollet Bros. is a Missouri Corporation, that purchased the insurance policy at issue herein from Continental Wester.

4. On or about November 6, 2006, at approximately 7:02 a.m., Joshua M. Munroe, was operating a 2000 International Harvester tractor-trailer, owned by his then employer Rollet Bros Trucking Co., Inc., on Illinois Route 1 in the northbound lane in Edgar County, Illinois.

5. At said time and place, an uninsured/under insured tractor-trailer being operated by Roger Snyder was on Illinois Route 1 in the southbound lane in Edgar County, Illinois.

6. At said time and place, an uninsured/under insured tractor-trailer being operated by Monty Murphy was on Illinois Route 1 in the southbound lane in Edgar County, Illinois.

7. At said time and place, an uninsured/under insured tractor-trailer being operated by Gerald Sturgeon was on Illinois Route 1 in the southbound lane in Edgar County, Illinois.

8. At said time and place Monty Murphy attempted to pass Roger Snyder by traveling outside of the designated southbound lane and into the northbound lane of Route 1, causing the trailer of his vehicle to strike the tractor of Joshua M. Munroe's vehicle, wherein Joshua Munroe lost control of his vehicle and entered the southbound lane of Route 1 and was struck head-on by Gerald Sturgeon causing an explosion and fire.

9. Monty Murphy, Gerald Sturgeon and Roger Snyder, owed a duty to Joshua Munroe, and all other persons traveling said Route 1, to operate their vehicles in such a manner so as not to present a hazard to the traveling public.

10. In breach of the foregoing duty, Monty Murphy was negligent and careless manner, by:

    a. failing to keep a careful lookout;

    b. failing to yield the right-of-way to Joshua Munroe;

    c. failing to swerve to avoid a collision with Joshua Munroe's vehicle, once he knew or should have known that there was a reasonable likelihood of collision;

    d. failing to slacken the speed of his vehicle to avoid a collision with Joshua Munroe's vehicle, once he knew or should have known that there was a reasonable likelihood of collision;

    e. failing to sound a warning to avoid a collision with Joshua Munroe's vehicle, once he knew or should have known that there was a reasonable likelihood of collision;

    f. failing to operate his vehicle in the proper lane of travel; and

    g. failing to operate his vehicle at a reasonable and proper speed given the then existing circumstances.

11. In breach of the foregoing duty Gerald Sturgeon was negligent and careless by:

    a. failing to keep a careful lookout;

    b. failing to swerve to avoid a collision with Joshua Munroe's vehicle, once he knew or should have known that there was a reasonable likelihood of collision;

    c. failing to slacken the speed of his vehicle to avoid a collision with Joshua Munroe's vehicle, once he knew or should have known that there was a reasonable likelihood of collision;

(Petition)

- 3 -

    d. failing to operate his vehicle at a reasonable and proper speed given the then existing circumstances; and

    e. failing to warn Monty Murphy that it was unsafe to attempt to pass.

  12. In breach of the foregoing duty, Roger Snyder was negligent and careless by:

    a. failing to keep a careful lookout;

    b. failing to warn Joshua Munroe's vehicle, once he knew or should have known that Monty Murphy was attempting to pass and there was a reasonable likelihood of collision; and

    c. failing to operate his vehicle at a reasonable and proper speed given the then existing circumstances.

  13. As a direct and proximate result of the aforesaid negligence and carelessness of Roger Snyder, Monty Murphy and Gerald Strugeon, Joshua Munroe, has: (i) suffered injuries to, but not limited to, full-thickness skin loss due to burn on multiple sites of his lower limb; a closed fracture of his skull base; a closed fracture of his malar and maxillary bones; traumatic subcutaneous emphysema; a fracture of his mandible, closed, angle of jaw; a closed fracture of his skull vault; an open fracture of his nasal bones; blisters and epidermal loss due to burns on his upper arm; 15% of his body suffered third (3rd) degree burns; an open wound of his external ear; a colles' fracture; a contusion of his lung; an open wound to his face; an open wound to his knee, leg and ankle; a closed fracture of his tibia and multiple abrasion/fraction burns to his body; (ii) been caused to suffer severe pain and will continue to endure severe pain in the future; (iii) sought and received medical care and attention, the cost of which exceeds Five Hundred and Fifty Thousand Dollars ($550,000.00) and will continue to receive medical care

(Petition)             - 4 -

and attention in the future; (iv) undergone multiple surgeries and may need additional surgeries in the future; and (v) lost the wages from his employment and may continue to loss said wages in the future; and (vi) lost the ability to enjoy and pursue the normal pursuits of life that he enjoyed prior to the injuries he suffered and will continue in the future to do so.

14. At all times material hereto, there was an automobile policy with bodily injury liability coverage applicable to Roger Snyder, Monty Murphy and Gerald Strugeon with a per person individual limit of $1,000,000 per occurrence. On or about May 20, 2008, Plaintiffs were offered one applicable limit of coverage by the insurer for Roger Snyder, Monty Murphy and Gerald Strugeon and notified Continental Western of same. Thereafter, Plaintiff was informed by Defendant that they could accept this offer.

15. At all times material hereto, Plaintiffs were covered by a Motor Carrier policy of insurance, issued by Continental Western to Rollet Bros., Policy No. MCP 264554-22 (hereinafter the "Policy"), which was in full force and effect at the time of the events described herein.

16. As a direct and proximate result of the aforesaid negligence and carelessness of Roger Snyder, Monty Murphy, and Gerald Sturgeon, Tiffany Monroe has been caused to suffer and continues to suffer the loss of society, consortium, companionship, love, affection, support and care of her spouse, Joshua Monroe, all to her damage.

17. The Policy contains uninsured and underinsured motor vehicle coverage applicable to Plaintiffs.

## Count I

### (Breach of Insurance Contract)

**COME NOW** Plaintiffs and as Count I of thier Petition and as a cause of action against Continental Western, state as follows:

18. Plaintiffs repeat and re-allege, as if fully stated herein, paragraphs 1 through 17 above.

19. Plaintiffs have performed all conditions precedent under the terms of the Policy and Continental Western has failed and refused to pay Plaintiffs the uninsured and underinsured motorist benefits they are entitled to there under.

**WHEREFORE**, Plaintiffs, Joshua and Tiffany Munroe, pray for judgment on Count I of this Petition against Defendant, Continental Western, in an amount that is fair and reasonable, and in excess of $1,000,000, together with prejudgment interest, the costs of this action, and for such other and further relief as the Court deems just and proper.

## Count II

### (Vexatious Refusal)

**COME NOW** Plaintiffs and as Count II of their Petition and as a cause of action against Continental Western, state as follows:

20. Plaintiffs repeat and re-allege, as if fully stated herein, paragraphs 18 through 19 above.

21. Continental Western's refusal and delay to pay the benefits that Plaintiffs are entitled to is unreasonable, vexatious, and without reasonable cause and, therefore, pursuant to V.A.M.S. § 375.296 and V.A.M.S. § 375.420, as amended, Plaintiffs are entitled to interest

from and after the date of the submission of his claim, penalties as provided by statute, costs of suit, and reasonable attorney's fees for vexatious refusal to pay.

**WHEREFORE**, Plaintiffs, Joshua and Tiffany Munroe, pray for judgment on Count II of this Petition against Defendant, Continental Western, in an amount that is fair and reasonable and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

STONE, LEYTON & GERSHMAN,
A PROFESSIONAL CORPORATION

By: _____
Joseph R. Dulle                #38416
7733 Forsyth Blvd., Suite #500
St. Louis, Missouri 63105
Telephone: 314/721-7011
Telefax: 314/721-8660
jdulle@stoneleyton.com
*Attorneys for Plaintifsf*

(Petition)                - 7 -