UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSHUA MUNROE, et al.,                )<br>                                                         )<br>         Plaintiffs,                            )<br>                                                         )<br>    vs.                                              )<br>                                                         )<br>CONTINENTAL WESTERN          )<br>INSURANCE COMPANY, et al.,   )<br>                                                         )<br>         Defendants.                         ) | Case No. 4:10CV1942 CDP |

## MEMORANDUM AND ORDER

Plaintiff Joshua Munroe and his wife brought this claim seeking underinsured motorist coverage under his employer's insurance policy when he was injured after being involved in a serious accident.  Defendant Continental Western Insurance Company filed a motion for partial summary judgment, seeking a declaration that the limit of underinsured motorist coverage under the Munroes' policy is $500,000.  On December 5, 2011, I denied that motion, holding that the insurance policy was ambiguous and that the underinsured motorist coverage limit was therefore $2,000,000.  Continental Western filed a motion to reconsider my judgment, and after reviewing the parties' briefs and hearing oral argument, I denied the motion to reconsider on September 24, 2012.

Continental Western now seeks leave to amend its pleadings by adding a counterclaim for declaratory relief with respect to the amount of coverage available

under the insurance policy.  Continental Western states in its motion that, if granted, it would then request the court convert the prior judgments in this case to judgments under Rule 54(b) of the Federal Rules of Civil Procedure, in an attempt to appeal this matter to the Eighth Circuit Court of Appeals before engaging in extensive discovery and a trial.

Rather than cluttering the record with a counterclaim for declaratory judgment and additional motions to convert my previous judgments to appealable judgments – and given that defendant's stated purpose for filing its counterclaim is so I can dismiss it – I will instead consider this as a motion under 28 U.S.C. § 1292(b).  In order to certify an order for interlocutory appeal, "the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation."  *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (internal quotation marks and citation omitted).  I believe that this case meets that standard.

First, the issue of the coverage limit depends on entirely on my finding that the insurance policy was ambiguous, as a matter of law.  Thus, this is a controlling question of law in the case.  Second, as evidenced by the extensive briefing on both the motion for partial summary judgment and the motion to reconsider, as well as my own research and ultimate opinion, there are substantial grounds for a

difference of opinion on this issue. Third, this case involves substantial discovery as to the damages involved, presumably from medical experts and extensive medical records. Both parties will likely spend substantial amounts of money in conducting discovery, and it is likely those expenses will not be necessary if the Court of Appeals disagrees with my legal conclusions.

Because I find that my summary judgment order and order denying the motion for reconsideration involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, I will certify them for interlocutory appeal to the Eighth Circuit Court of Appeals. If that court chooses to consider the appeal, Continental Western may present the issue regarding the amount of coverage under the policy through this procedural mechanism.

I will stay the discovery in this case and suspend all deadlines in the case management order, pending the outcome of Continental Western's application to the Court of Appeals for interlocutory review.

Accordingly,

**IT IS HEREBY ORDERED** that the court's orders dated December 5, 2011 [#46] and September 24, 2012 [#65] are each certified for immediate appeal under 28 U.S.C. § 1292(b).

**IT IS FURTHER ORDERED** that defendant Continental Western's motion for leave to file a counterclaim [#68] is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that all proceedings in the current action are STAYED,  pending the final resolution of the defendant's application to the Eighth Circuit Court of Appeals for interlocutory appeal, and the current case management deadlines are VACATED.

**IT IS FURTHER ORDERED** that the parties must file their proposal for proceeding with the remainder of this case no later than 14 days after the Eighth Circuit Court of Appeals has completed its review.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2012.